IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM GILROY, | ) | CIV. NO. 20-00037 JMS-RT |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | AND DENYING CERTIFICATE OF |
| vs. | ) | APPEALABILITY |
| | ) | |
| STATE OF HAWAII, PAUL R. | ) | |
| MOW, MELVIN H. FUJINO, AMY | ) | |
| M. MURIKAMI, CLARE E. | ) | |
| CONNORS, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## ORDER DISMISSING PETITION AND DENYING
## CERTIFICATE OF APPEALABILITY

Before the court is Petitioner William Gilroy's "Emergency Plea: motion for habeas corpus" ("Petition"), which the Ninth Circuit Court of Appeals transferred to this district court on January 23, 2020. *See* ECF Nos. 1 and 4.[1]

For the following reasons, the Petition is DISMISSED as moot and this action is terminated. Any request for a certificate of appealability is DENIED.

### I. LEGAL STANDARD

Because Gilroy was seeking release from pre-trial custody when he submitted the Petition to the Ninth Circuit, it is construed as brought pursuant to

---

[1] The court refers to the Federal Judiciary's Case Management Electronic Case Filing (CM/ECF) system's numbering and pagination for filed documents.

28 U.S.C. § 2241. *See Hoyle v. Ada Cty.*, 501 F.3d 1053, 1058 (9th Cir. 2007) (holding § 2241 is the appropriate vehicle for pretrial detainee's challenge to detention); *Stow v. Murashige*, 389 F.3d 880, 882-83, 886-88 (9th Cir. 2004) (allowing pretrial detainee challenging retrial to proceed under § 2241).

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" to entertain a petition for writ of habeas corpus from a prisoner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). A district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge

2

must dismiss the petition." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656 (2005).

## II. BACKGROUND[2]

On November 21, 2018, Gilroy was charged in the Circuit Court of the Third Circuit, State of Hawaii ("circuit court"), with twenty-nine counts of the Unauthorized Practice Of Law in *State v. Gilroy*, 3CPC-18-0000893 (Haw. 3d Cir. Ct. 2020).[3] *See Gilroy v. Kona Cmty. Hosp. Behavioral Health Auth.*, Civ. No. 19-00554 DKW-WRP (D. Haw. Jan. 9, 2020), ECF No. 19 at PageID #119.

On July 10, 2019, the circuit court referred Gilroy to the State of Hawaii Department of Health ("DOH") for a mental health examination to determine his fitness to proceed in 3CPC-18-0000893.[4] *Id.* at PageID #119-20.

On or about September 18, 2019, the circuit court found Gilroy unfit to proceed to trial in 3CPC-18-0000893 based on the DOH report, suspended the proceedings, and committed Gilroy to the custody of the DOH for 120 days for

---

[2] The Court takes judicial notice of Gilroy's federal proceedings in *Gilroy v. State*, Civ. No. 19-00479 JMS-RT (D. Haw. 2019), *Gilroy v. Kona Cmty. Hosp. Behavioral Health Auth.*, Civ. No. 19-00554 DKW-WRP (D. Haw. 2020), and *State v. Gilroy*, 3CPC-18-0000893 (Haw. 3d Cir. Ct. 2020) (from which he seeks habeas relief). *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also* eCourt Kokua, http://www.courts.state.hi.us/ (last visited Feb. 6, 2020).

[3] Pursuant to Hawaii Revised Statutes ("HRS") §§ 605-14, 605-15, and 605-17.

[4] Pursuant to HRS § 704-404.

3

placement and care at the Kona Community Hospital. *See id.*, Ex. A, ECF No. 19-1. The circuit court ordered that, if Gilroy did not regain fitness to proceed within 120 days, his criminal charges would be dismissed with prejudice and he would be "released from custody." *Id.* at PageID # 124.

On September 24, 2019, while in the custody of the DOH at the Kona Community Hospital, Gilroy attempted to remove his state criminal proceedings in 3CPC-18-0000893 to this court. *See Gilroy*, Civ. No. 19-00479 JMS-RT (D. Haw. 2019). This court remanded the case to the circuit court. *See id.*, Order of Remand, ECF No. 5. The Ninth Circuit summarily affirmed the Order of Remand on January 23, 2020. *See id.*, Order, ECF No. 17 (App. No. 19-17210).

On October 11, 2019, Gilroy, ostensibly represented by his fiancee,[5] filed his first federal petition for writ of habeas corpus seeking release from the Kona Community Hospital. *See Kona Cmty. Hosp.*, Civ. No. 19-00554 DKW-WRP, ECF No. 1. That petition alleged that Gilroy's constitutional rights were being violated because his ability to use the telephone and to receive visitors was limited and subject to approval by hospital medical staff. The court dismissed the petition for lack of jurisdiction on January 9, 2020. *See id.*, ECF No. 20.

---

[5] Although that petition was signed by Gilroy's fiancee, Gilroy subsequently filed documents in the action on his own behalf. *See Kona Cmty. Hosp*. Civ., No. 19-00554 DKW-WRP, ECF Nos. 12, 15-18.

On December 23, 2019, Gilroy submitted the present Petition to the Ninth Circuit in support of his appeal in Civ. No. 19-00479. He asserts that he is innocent, has "committed no crime . . . of force, violence, or inflicting any injury, harm, damage or loss upon any person, people, or property[.]" Pet., ECF No. 1 at PageID #1-2. Gilroy alleges that Respondents discriminated and retaliated against him because he brought claims against them in state court, showing a "conflict of interest" in their prosecution of him. *Id.* at PageID #2. He alleges no facts to support these claims; he seeks release from the Kona Community Hospital. *See id.* at PageID #2-6. As noted, the Ninth Circuit transferred the Petition to this court to be filed as an original petition for writ of habeas corpus. *See* Order, ECF No. 17.

On January 16, 2020, Gilroy was released from the Kona Community Hospital and the charges in 3CPC-18-0000893 were dismissed with prejudice. *See* 3CPC-18-0000893, Order Dismissing Charges Pursuant to Hawaii Revised Statutes § 704-406 and Releasing Defendant from the Custody of the Director of Health (entered Jan. 30, 2020).

### III. DISCUSSION

Mootness is jurisdictional. *See Koppers Indus. v. U.S.E.P.A.*, 902 F.2d 756, 758 (9th Cir. 1990). The fundamental issue in deciding mootness is whether there is a current controversy to which effective relief can be granted. *See Am. Rivers v.*

*Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and quotation marks omitted).

The Supreme Court has held that "under the writ of habeas corpus we cannot do anything else than discharge the prisoner from the wrongful confinement." *In re Medley*, 134 U.S. 160, 173 (1890). That is, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, in the context of a habeas petition, the mootness "analysis is specifically limited to the sort of equitable relief [the court] may grant in response to a habeas petition." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). A habeas petition is moot when the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Id.* at 1000-01 (citation, quotation marks, and ellipses omitted).

For example, in *Picrin Peron v. Rison*, 930 F.2d 773 (9th Cir. 1991), a foreign national challenged the indefinite duration of his immigration detention after the revocation of his parole. The District Court for the Central District of California dismissed the habeas petition without prejudice for petitioner's failure to exhaust administrative remedies, and the petitioner appealed. *See id.* at 774. While the appeal was pending, the petitioner was re-paroled and released from custody. *Id.* at 774-75. The Ninth Circuit held that the petitioner's release on parole rendered the habeas petition moot, because any revocation of that parole was wholly dependant on the petitioner's "reinvolvement with the criminal justice system, [or] a change in the Cuban government enabling him to return to Cuba, or the willingness of a third country to accept him." *Id.* at 776. The appellate court found that these conditions were outside of Respondent the Los Angeles District Office of Immigration and Naturalization Service's control. *Id.* And, because "Picrin-Peron . . . requested only release from custody" and was released, no further relief was available. *Id.*

Given that Gilroy has been unconditionally released from DOH custody, the criminal charges against him were dismissed with prejudice, and it is entirely within his own control whether he is later charged with new and unrelated

criminal charges, this court is unable to provide him the relief he seeks—release.[6] *See McNutt v. Chelan Cty.*, 2008 WL 4148604, *1 n.1 (E.D. Wash. Aug. 29, 2008) ("Habeas petition[s] brought under § 2241 are subject to summary dismissal pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases."). As such, the court lacks jurisdiction to consider the Petition, and it is DISMISSED as moot.

## IV. <u>CONCLUSION</u>

The Petition is DISMISSED for lack of jurisdiction. Any request for a certificate of appealability is DENIED, as Gilroy has not made a substantial

///

///

///

///

---

[6] It is unclear whether Gilroy also seeks monetary damages for his allegations of malicious prosecution. Regardless, the court declines to convert the Petition into a civil rights action because (1) this would subject Gilroy to a higher filing fee; (2) the Respondents are likely immune from suit for their decision to prosecute him; (3) the Petition is incoherent and fails to state a claim as pled; and (4) if dismissed, Gilroy would incur a strike pursuant to 28 U.S.C. § 1915(g), which could later disadvantage him. *See Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (explaining that a petition should not be converted to a civil rights complaint if it is not amenable to conversion "on its face," meaning it must name the correct defendants, seek the correct relief, and state a cognizable claim for relief).

showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 10, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Gilroy v. State,* No. 1:20 cv 00037 JMS RT; habeas '20/ (dsm R4 moot lack J); J:\PSA Draft Ords\JMS\REVISED Gilroy 20 37 jms (dsm. R4, moot lack j).wpd.